IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-62,683-01






EX PARTE SOLANO HERNANDEZ III, Applicant









ON APPLICATION FOR WRIT OF HABEAS CORPUS

CAUSE NUMBER 2004CRN117-D3 (A) IN THE 341ST

DISTRICT COURT WEBB COUNTY 



 



 Per curiam.



O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court
by the clerk of the trial court pursuant to the provisions of Article 11.07, Section 3, of the
Texas Code of Criminal Procedure. Ex Parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App.
1967). Applicant pled guilty to manslaughter and was sentenced to a term of twenty years
in prison. There was no direct appeal.

 In this application for a writ of habeas corpus, Applicant contends that his trial
counsel was ineffective, that his guilty plea was involuntary, that he was denied the right to
appeal, and that there was no evidence to support a finding of guilt. While the trial court has
entered findings of fact and conclusions of law, it is this Court's opinion that additional
information is needed before this Court can render a decision. 

 Because this Court does not hear evidence, though, the trial court is the appropriate
forum. Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960). Thus, the trial
court shall resolve these issues as set out in Article 11.07, Section 3(d), of the Texas Code
of Criminal Procedure, in that it shall order trial counsel to supply an affidavit that addresses
Applicant's claims of ineffective assistance of counsel and involuntary plea. The trial court
may also order depositions, interrogatories, or hold a hearing. In the appropriate case, the
trial court may also rely on its personal recollection. Additionally, the trial court shall
supplement the record on appeal with a legible copy of Applicant's application for a writ of
habeas corpus, as the copy forwarded to this court is not legible in its entirety, and with
copies of the plea papers signed by Applicant in this cause.

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent, and Applicant desires to be
represented by counsel, the trial court will then, pursuant to the provisions of Article 26.04
of the Texas Code of Criminal Procedure, appoint an attorney to represent him at the hearing. 
 Following the receipt of additional information, the trial court shall make any further
findings of fact and conclusions of law that it deems relevant and appropriate to the
disposition of Applicant's application for habeas corpus relief. Further, because this Court
does not hear evidence, Ex parte Rodriguez, 334 S.W.2d at 294, this application for a post-conviction writ of habeas corpus will be held in abeyance pending the trial court's
compliance with this order. 

 Resolution of the issues shall be accomplished by the trial court within 90 days of the
date of this order. (1) A supplemental transcript containing all affidavits and interrogatories or
the transcription of the court reporter's notes from any hearing or deposition along with the
trial court's supplemental findings of fact and conclusions of law, if any, shall be returned to
this Court within 120 days of the date of this order. (2)




DELIVERED: April 12, 2006

DO NOT PUBLISH


 
1. [1] In the event any continuances are granted, copies of the order granting the
continuance shall be provided to this Court.
2. [2] Any extensions of this time period shall be obtained from this Court.